UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2911-CAS (FFMx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | STACY ENID HERNANDEZ V. RECONSTRUCT COMPANY, N.A. ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Stacy Hernandez, Pro Se | Bradley Dugan | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Docket No. 14, filed July 23, 2012)

PLAINTIFF'S MOTION TO STRIKE DEFENDANT DUGAN 12(B)(6) "MOTION TO DISMISS IN PART" (Docket No. 17, July 27, 2012)

## I. INTRODUCTION

Plaintiff filed this case in this Court on April 3, 2012. Her complaint alleged a single claim for fraudulent concealment. The Court dismissed her complaint on June 4, 2012. On July 7, 2012, plaintiff filed a first amended complaint ("FAC") asserting a claim for violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 et. seq., ("TILA"), and a claim seeking to quiet title. Defendant filed a motion to dismiss the FAC on July 23, 2012. Plaintiff, proceeding pro se, filed a motion to strike defendant's motion to dismiss on July 27, 2012, but did not otherwise oppose the motion. The Court held a hearing on September 10, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

According to her original complaint, in November 2007, plaintiff obtained a $285,000 loan to purchase 43631 Nicole Street, Lancaster, California. The FAC appears to allege that TILA violations occured in connection with the origination of her loan, asserting: "The YSP (Yield Spread Preium) was in violation of TILA. The APR was miscalculated and a violation of TILA. That underwriting fees were inflated and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2911-CAS (FFMx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | STACY ENID HERNANDEZ V. RECONSTRUCT COMPANY, N.A. ET. AL. | | |

unreasonable and constituted a TILA violation. That email fees were charged and are a TILA violation. That a processing fee was charged which was in violation of TILA." FAC ¶ I, p. 1. The FAC also alleges that defendants have not produced her promissory note, that plaintiff does not know who holds the note, and that she cannot determine whether her loan was properly serviced if she does not know who holds her promissory note. FAC ¶¶ XIV – XV, p. 8 – 9 .

## III. LEGAL STANDARD

### A. MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2911-CAS (FFMx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | STACY ENID HERNANDEZ V. RECONSTRUCT COMPANY, N.A. ET. AL. | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    MOTION TO STRIKE**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2911-CAS (FFMx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | STACY ENID HERNANDEZ V. RECONSTRUCT COMPANY, N.A. ET. AL. | | |

and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## IV.    ANALYSIS

### A.    MOTION TO DISMISS

Plaintiff's complaint contains two claims for relief, one seeking rescission under TILA, and another seeking to quiet title.

Plaintiff fails to state a claim under TILA. First, as defendant argues, claims for money damages under TILA must be brought prior to the expiration of the applicable one year statute of limitations, and claims for rescission must be brought prior to the expiration of the applicable three year statute of limitations. 15 U.S.C. §§ 1635(f); 1640(e). Though plaintiff asserts that these claims are entitled to equitable tolling because they were not reasonably discoverable despite due diligence, her complaint fails to explain what diligence she conducted and why discovery was not reasonably possible. In any event, plaintiff only pleads a claim for rescission, and the "three-year period is not subject to equitable tolling." Teaupa v. U.S. Nat. Bank N.A., 836 F. Supp. 2d 1083, 1096; Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (§ 1645(f) is a statute of repose); Munoz v. Ashcroft, 339 F.3d 950, 957 ("Statutes of repose are not subject to equitable tolling"). Finally, plaintiff's claim for rescission fails because plaintiff's pleading does not set explain how TILA was violated, but only sets out boilerplate conclusory statements that TILA violations occurred, and thus does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Marks v. Chicoine, 2007 WL 160992, 7 (N.D. Cal. 2007) (quoting Conely v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff also fails to state a claim to quiet title. Plaintiff does not allege tender of the amount due and owing on her loan, or ability to tender, and "[t]ender of the indebtedness is required to quiet title in California." Pedersen v. Greenpoint Mortg. Funding, Inc., 2011 WL 3818560, 13 (E.D. Cal. 2011). Additionally, quiet title is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2911-CAS (FFMx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | STACY ENID HERNANDEZ V. RECONSTRUCT COMPANY, N.A. ET. AL. | | |

remedy, not a claim for relief, and plaintiff's complaint fails to state a claim for which quiet title would be an appropriate remedy. Leeper v. Beltrami, 53 Cal. 2d 195, 216 (Cal. 1959) ("Quieting title is the relief granted once a court determines that title belongs in plaintiff . . . the plaintiff must show he has a substantive right to relief before he can be granted any relief at all."). Plaintiff's complaint states that the defendants did not "produce the note" and states that she does not know who holds the note, Ptf.'s Compl. Count II ¶¶ XIV, XVII, but there is "nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not possess the original promissory note." Debruner v. Deutsche Bank National Trust Co., 204 Cal. App. 4th 433, 440 (Cal. App. 2012).

Finally, though plaintiff does not request relief under RESPA in a separate claim, she alleges that the defendants violated RESPA and mentions deficient responses to a qualified written request made by her. See 12 U.S.C. § 2605(e); Complaint Count I ¶¶ III, V, XVII . Under § 2605(e), servicers of federally related mortgages must respond to qualified written requests, which are requests for information relating to the servicing of a loan. Additionally, § 2605(f) provides that actual damages can be recovered for a violation of § 2605.

Plaintiff does not explain why the responses to the qualified written requests were deficient, and does not state any damages she suffered as a result of the deficient responses. Although plaintiff's current complaint fails to state a claim for relief under § 2605, the Court concludes that leave to amend her RESPA claim under § 2605 is appropriate. Plaintiff's complaint must be a short plain statement of her claim, must explain why the qualified written request she submitted satisfied the requirements of § 2605(e)(1), and why the response she received was deficient under § 2605(e)(2). Plaintiff must also allege damages she suffered due to a defendant's violation of § 2605.

### B. MOTION TO STRIKE

Plaintiff's motion to strike fails because defendant's motion is not redundant, immaterial, impertinent or scandalous. Instead, as explained above, defendant's motion to dismiss is mostly well-taken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2911-CAS (FFMx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | STACY ENID HERNANDEZ V. RECONSTRUCT COMPANY, N.A. ET. AL. | | |

## V.    CONCLUSION

The Court hereby DISMISSES plaintiff's first and second claims for relief with prejudice and DENIES plaintiff's motion to strike.  Plaintiff may seek leave of the Court to file an amended complaint addressing the deficiencies noted herein within **20 (twenty)** days. Failure to do so may result in the dismissal of plaintiff's case with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |